**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-56812 |
| Plaintiff - Appellee, | D.C. Nos.  3:11-cv-00039-DMS |
| v. | 3:06-cr-01241-DMS-3 |
| JAMES MINCOFF, AKA Jim, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted January 6, 2014
Pasadena, California

Before:  W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

  **1.**  The government met its disclosure obligations under *Brady v. Maryland*,

373 U.S. 83 (1963).  The government disclosed recordings, line sheets, and a

wiretap affidavit evidencing Munoz and Durkin's scheme to suborn perjury, and

the wiretap affidavit specifically asserted that Munoz told Durkin to "force

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[Contreras] to take the blame for the drugs." The wiretap affidavit specifically identified the date and time of the call in which Munoz and Durkin discussed the perjury scheme, and the phones from which the call was made. In light of these disclosures, the Vitkosky report "contained merely cumulative impeachment evidence," *United States v. Marashi*, 913 F.2d 724, 732 (9th Cir. 1990), so the government's failure to turn it over was not a *Brady* violation.

**2.** Because the government did not violate *Brady*, there is no basis for Mincoff's Confrontation Clause claim. *See United States v. Collins*, 551 F.3d 914, 925–26 (9th Cir. 2009).

**3.** We construe Mincoff's motion to reopen briefing to address ineffective assistance of counsel as a motion to expand the Certificate of Appealability. We grant the motion because his claim is "debatable among jurists of reason." *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007).

His claim nonetheless fails on the merits. To prevail, he must show that his counsel's failure to impeach Munoz with evidence of the perjury scheme (1) was unreasonable and (2) prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687, 698–99 (1984). Even assuming that counsel's performance was unreasonable, Mincoff cannot show prejudice. The recorded conversations between Mincoff and Munoz—rather than Munoz's testimony—were the key evidence at Mincoff's trial.

Further, Munoz was thoroughly impeached based on his involvement in other crimes, including a conspiracy to commit murder. And the prosecutor stressed in closing that the jury should view Munoz's testimony "with great scrutiny." On these facts, there is no reasonable probability that the result of the proceeding would have been different even if Munoz had been further impeached. *See Sully v. Ayers*, 725 F.3d 1057, 1073–74 (9th Cir. 2013).

**AFFIRMED.**